JOHN W. WHITFIELD ET AL. *v.* SYLVESTER TATUM.

1. STOCK LAW.   *Exemption.*   *Board of supervisors.*   *Validity of order.*
   *Laws 1882, ch. 236, p. 237, sec. 7.*
   Where the board of supervisors had power (Laws 1882, ch. 236) to exempt from the operation of the stock law designated parts of the county an order exempting by its terms territory lying partly within and partly without such parts of the county is void only as to the territory over which the board had no such power.

2. PARTIAL STOCK LAW.   *Code 1892, § 2057.*   *Confinement of cows, mules and horses.*
   The partial stock law, as provided in Code 1892, § 2057, requires the owners of hogs, sheep and goats to keep them confined, but does not apply to cows mules or horses.

FROM the circuit court of Monroe county.
HON. EUGENE O. SYKES, Judge.

Tatum, appellee, was plaintiff in the court below; Whitfield and wife, appellants, were defendants there. From a judgment in plaintiff's favor defendants appealed to the supreme court.

The legislature, in March, 1882, passed a law to prevent live stock from running at large in Monroe county. Chapter 236, Laws 1882, p. 237. Section 7 of the act provided that the landowners of that part of the county lying adjacent to the Tombigbee river and east of the Prairie Belt, or any township or fraction of a township thereof, might relieve that township or fraction of a township from the operation of the act by petition to the board of supervisors. On August 11, 1882, the board of supervisors passed an ordinance relieving all of township 15, range 7 east, from the operation of the act. At the September (1882) meeting, the board passed another ordinance to the effect that the first order should be amended so as to apply to such portions of said township 15 which lie west of the Tombigbee river and east of the Prairie Belt, "and that any portion thereof which applies to the Prairie Belt in said township be and the same is hereby rescinded." January 6, 1897, the board of supervisors passed an ordinance establishing a partial stock law which included the lands of appellants. In May, 1903, eleven head of cows belonging to Tatum were at large on the lands of Whitfield and his wife, in township 15, range 7 east. These cows were taken up by Whitfield and wife, and very soon thereafter Tatum demanded possession of them, but Whitfield and wife refused to deliver them to him unless he paid fifty cents per head charges, as provided in the act of March 9, 1882. Tatum refused to pay this, and brought this action of replevin to recover possession of the cows. The case was tried before the court on agreed statement of facts, a jury being waived.

*George C. Payne,* for appellant.

(Brief of counsel for appellant was withdrawn or lost from the record before it reached the reporter.)

*Gilleylen & Leftwich,* for appellee.

The order of the board of supervisors of Monroe county of August 11, 1882, is a valid exercise of power and a valid finding that the whole township was south of the northern boundary of Monroe county, west of the Tombigbee river and east of the Prairie Belt, all as provided by sec. 1 of the act of 1882.

It is true that the board of supervisors had jurisdiction to relieve from the operation of the act territory east of the Prairie Belt.

We need not now encounter the proposition that a finding by the board that all of township 15 was without the Prairie Belt was good till reversed, for the board was the only legalized court to locate the Prairie Belt. We need not argue that question here, for it is agreed that secs. 11 and 12, where the stock were taken up, and where the owner of the stock lived are east of the Prairie Belt and in township 15, range 7. Certainly the order of August 11, 1882, was good for such portions of township 15 as were east of the Prairie Belt.

It is like a deed conveying more land than the grantor owned which is no less a deed for what he did really own. If any part of township 15 escaped the force and effect of the order, it was not because of any infirmity of the order, but because the boundary of the territory excepted extended over the territory of which the board had no jurisdiction.


TRULY, J., delivered the opinion of the court.

The board of supervisors of Monroe county, by order of August 11, 1882, relieved all of township 15, range 7 east, from the operation of the stock law in force in that section of the county. This order was passed in pursuance of sec. 7, ch. 236, p. 237 Laws 1882, which authorized the exemption from the provisions thereof of any township, or fraction of a township, lying adjacent to the Tombigbee river and east of the Prairie Belt of said county.

It is contended by appellants that this order was void, and exceeded the authority of the board, for the reason that all of township 15 did not lie "east of the Prairie Belt," as shown by the recitals in a subsequent order of the board of supervisors. This position is untenable. Conceding that the order by its terms embraced territory which the board was not empowered to relieve, it was still valid as to the fraction of the township included within the description given in section 7 of said act. The subsequent order of the board referred to expressly recognizes this, and reaffirms the exemption of "such portions of said township as lie west of the river and east of the Prairie Belt." The board of supervisors never attempted to rescind the order of August 11th, and its order of September 5, 1882, was simply intended to be amendatory thereof. The agreed statement of facts herein shows that the land on which the cattle were distrained was embraced in the territory which the board, in pursuance of legislative authority, expressly relieved from the operation of the stock law, and this is decisive of appellants' contention.

The "partial stock law" now in force in the territory in question does not require cows, mules or horses to be confined. § 2057, Code 1892.

*Affirmed.*